IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAFON CANTY, #401907 | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-17-2123 |
| FRANK B. BISHOP, WARDEN, et al., | * | |
| Respondents. | * | |

*****

## MEMORANDUM OPINION

THIS MATTER is before the Court on Petitioner Dafon Canty's Petition for habeas corpus seeking relief under 28 U.S.C. § 2254 (2018). The Petition arises from his 2012 convictions in the Circuit Court for Baltimore City, Maryland. (Compl., ECF No. 1). The Petition is ripe for disposition and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For reasons that follow, the Court will dismiss the Petition as time-barred.

### I.  BACKGROUND

Canty was convicted of attempted first-degree murder, first-degree assaults, and handgun offenses in January of 2012. (ECF No. 4-1). In March of 2012, He was sentenced to life imprisonment, with all but 55 years suspended. (Id.). On direct appeal his convictions were affirmed by the Court of Special Appeals of Maryland on September 19, 2013. The Court of Special Appeals mandate was issued on October 21, 2013. (ECF No. 4-2). Canty did not seek further review on direct appeal. Therefore, his convictions became final for direct appeal purposes on November 5, 2013. See Md. Rule 8-302(a) (a

petition for writ of certiorari must be filed with the Court of Appeals within 15 days after the issuance of the Court of Special Appeals mandate).

Approximately seventeen months later, on April 29, 2015, Canty filed a petition for post-conviction relief in the Circuit Court for Baltimore City. (ECF No. 3-1). The petition was denied by a circuit court judge on September 20, 2016. (Id.). Canty's application for leave to appeal the denial of post-conviction relief was summarily denied on July 12, 2017. The mandate was issued by the Court of Special Appeals on August 11, 2017.

On July 27, 2017, the Clerk received the instant Petition dated July 20, 2017 from Canty, who is incarcerated at the North Branch Correctional Institution in Cumberland, Maryland. Based upon the aforementioned timeline, Respondents were ordered to file a Limited Answer to address the timeliness of the Petition and Canty's claim for equitable tolling. (See ECF No. 3). Respondents' Limited Answer was filed on November 3, 2017. (ECF No. 4). Canty filed a Reply. (ECF No. 5).

## II. DISCUSSION

Pursuant to Antiterrorism and Effective Death Penalty Act ("AEDPA"), when filing a federal habeas corpus petition pursuant to 28 U.S.C. § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. See 28 U.S.C. §2244(d).[1] Canty's convictions became final for purposes of direct appeal on

---

[1] This section provides:

November 5, 2013. The one-year statute of limitation period ran uninterrupted from November 6, 2013 to April 28, 2015, approximately seventeen months, during which there were no petitions for collateral review pending. This Petition was plainly filed outside the statutory one-year limitations period.

---

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In his Petition, Canty acknowledges filing his Petition beyond the one-year filing limitation, but seeks to excuse the delay, arguing that the months before his post-conviction petition was filed in circuit court should be equitably tolled. He contends that he repeatedly contacted his post-conviction counsel, voiced his concerns about stopping the federal habeas corpus "clock" from expiring, and directed him to file a post-conviction petition. Counsel did not file a petition for post-conviction relief until April 29, 2015. (ECF No. 1at 9–12 & ECF Nos. 1-4, ECF No. 1-5, ECF No. 1-7, ECF No. 1-8 & ECF No. 5 at 1–5, ECF No. 5-1).

Under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. See Holland v. Florida, 560 U.S. 631, 645 (2010); see also, e.g., Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000); United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir. 2000). The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) prevented him from filing on time. Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Additionally, the movant must show that he employed reasonable diligence in investigating and bringing his claims. Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. at 649, (citing Pace v. DiGulielmo, 544 U.S. 408, 418 (2005)).

4

Respondents correctly observe that Canty's excuses are not sufficient for the equitable tolling of the one-year limitation period to apply. Canty's reliance on the purported delay of counsel in filing his post-conviction petition does not evince an extraordinary circumstance so as to equitably toll the limitation period. Canty admits that he was aware of habeas corpus filing deadlines, yet took no action to file a self-represented "placeholder" post-conviction petition or federal habeas corpus petition, despite knowing of his counsel's delay.

Further, upon review of Canty's arguments and attached exhibits, the Court concludes that he has not shown that post-conviction's counsel failed to satisfy professional standards of care as to constitute "extraordinary circumstances." See Holland, 560 U.S. at 649; Lanahan v. Md. Attorney Gen., AW-09-3325, 2010 WL 4513402, *1 (D.Md. 2010) (demands on Maryland Public Defender's Collateral Review Division did not prevent Defendant from filing an uncounseled post-conviction petition so as to toll the federal limitations period under 28 U.S.C. § 2244(d)(2)). Indeed, the correspondence between counsel and Canty show that post-conviction counsel worked conscientiously on the petition and amended petition to ensure that Canty's proposals and arguments were considered. In this case, Canty has neither asserted, nor do the pleadings suggest, any circumstances that justify equitable tolling. Accordingly, the Petition will be denied and dismissed with prejudice by separate Order.

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse

to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Id. at 478; see also Buck v. Davis, ___ U.S. ___, 137 S. Ct. 759, 773–74 (2017).

Canty's claims are dismissed on procedural grounds and, upon review of the record, this Court concludes that he has not made the requisite showing under Slack. The Court therefore declines to issue a certificate of appealability. Canty may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See, e.g., Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## III.   CONCLUSION

For the foregoing reasons, Canty's Petition for Habeas Corpus will be dismissed without prejudice.  A separate Order follows.

Entered this 2nd day of February, 2018                             /s/
                                                                          George L. Russell, III
                                                                          United States District Judge